Filed 12/31/24  Teng v. JPMorgan Chase Bank CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| MI PING TENG,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>    Defendant and Respondent. | B337799<br><br>(Los Angeles County<br>Super. Ct. No. 23AHCV01554) |

APPEAL from a judgment of the Superior Court of Los Angeles County, William A. Crowfoot, Judge.  Affirmed.

Mi Ping Teng, in propria persona, for Plaintiff and Appellant.

Parker Ibrahim & Berg, John M. Sorich, and Matthew S. Henderson for Defendant and Respondent.

_____

In July 2019, respondent JPMorgan Chase Bank foreclosed on real property (the Property) owned by appellant Mi Ping Teng, after Teng apparently defaulted on a home equity line of credit (HELOC) secured by the Property. Nearly four years later, Teng filed a four-paragraph complaint against Chase, alleging causes of action for wrongful foreclosure and fraud. The trial court sustained Chase's unopposed demurrer without leave to amend on the grounds that Teng's complaint was barred by a three-year statute of limitations.

On appeal, Teng argues the trial court should have applied a four-year statute of limitations because the "substance of the wrongful foreclosure action was breach of contract." We conclude that: (a) the court did not err in sustaining the demurrer; and (b) Teng has not shown she could successfully amend her complaint to state a cause of action for breach of contract. We therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

### A. *Teng Files a Complaint*

On July 7, 2023, Teng filed a handwritten complaint alleging that the Property "was wrongfully foreclosed by Chase Bank." She stated that her "original loan was with Washington Mutual Bank" but, after Washington Mutual's bankruptcy, she "did not receive any monthly mortgage statements or any letters from Washington Mutual." She also claimed that Chase "never mailed [her] any monthly mortgage statements since 05/1999" and that, when she called and "check[ed] with Chase Bank" on

_____

[1] We limit our summary to the facts and procedural history relevant to the issues raised on appeal.

some unspecified date, it stated that it "did not own [her] loan" relating to the Property. She concluded that it was "fraud that Chase Bank charged me the amount of the unpaid debt together with costs was $795,975.32 [*sic*]."

**B.** *Chase Demurs*

In September 2023, Chase demurred to the complaint and filed an accompanying request for judicial notice. In November 2023, Chase filed a supplemental request for judicial notice.

**1.     Requests for Judicial Notice**

Through its two requests, Chase asked the trial court to judicially notice various documents recorded with the Los Angeles County Recorder's Office; records from a previous case Chase filed against Teng; and the September 2008 "Purchase and Assumption Agreement Whole Bank among the FDIC-Receiver and Chase." Chase contended the judicially noticed documents established the following facts:

In May 1999, a Grant Deed was recorded conveying title of the Property—with an Assessor's Parcel No. of 5359-028-012—to Teng.

After repaying one mortgage loan and four HELOCs between 1999 and 2006, in 2007, Teng obtained another HELOC from Washington Mutual in the amount of $485,940 (the 2007 HELOC). Although this HELOC was secured by a deed of trust in favor of Washington Mutual, the deed of trust was inadvertently not recorded in 2007.

In September 2008, Chase acquired certain assets of Washington Mutual, including its interest in the 2007 HELOC.

In December 2013, Chase sued Teng in Los Angeles Superior Court in Case No. EC061864 (the Prior Lawsuit),

3

alleging causes of action for an equitable lien, declaratory relief, and judicial foreclosure of the Property. As part of the Prior Lawsuit, in February 2016, the parties stipulated (among other things) that: in 2007, Teng entered into a "revolving credit agreement" with Washington Mutual; Chase was the successor in interest to Washington Mutual with respect to that agreement; the agreement was supposed to be secured by a deed of trust against the Property, but the deed of trust was inadvertently or erroneously not recorded; Teng "acknowledged that there is and should be a valid lien against the Property"; and the court should enter an order "that establishes a lien against the Property pursuant to the terms of" the unrecorded deed of trust.

In September 2017, a deed of trust in favor of Washington Mutual was recorded as document number 20171069406. The deed of trust listed Teng's address as that of the Property, and stated that Teng was granting her interest in the real property with Tax Parcel No. 5359-028-012 (i.e., the Property) to a trustee in trust, with the power of sale. The deed also stated it was given to "secure performance of each promise of Trustor [defined as Teng] contained herein and in a WaMu Mortgage Plus (TM) Agreement and Disclosure with Beneficiary of even date herewith with a maximum credit limit of $485,940.00" (i.e., the 2007 HELOC).

In November 2017, an "Assignment of Deed of Trust" was recorded, which "grants, assigns and transfers to JPMorgan Chase Bank, National Association all beneficial interest under that certain Deed of Trust dated as of September 15, 2017, executed by MI PING TENG, AN U[N]MARRIED WOMAN as Trustor(s), to CALIFORNIA RECONVEYANCE COMPANY as

4

Trustee and recorded on September 19, 2017 as Instrument No. 20171069406."

In July 2018, a Notice of Default and Election to Sell Under Deed of Trust was recorded. In November 2018, a Notice of Trustee's Sale was recorded, and the Property was sold to a third-party on July 18, 2019, as reflected in a subsequently recorded Trustee's Deed Upon Sale.

## 2. Demurrer

Based on these judicially noticeable facts, Chase argued that Teng's causes of action for wrongful foreclosure and fraud were barred by the statute of limitations. Chase additionally argued that Teng's claimed ignorance of its interest in the 2007 HELOC was demonstrably false because she appeared in the Prior Lawsuit and stipulated to the recording of the deed of trust securing the 2007 HELOC.[2] Chase also argued that the complaint was barred by the doctrines of res judicata and collateral estoppel based on the Prior Lawsuit, that Teng failed to state facts sufficient to constitute a cause of action for wrongful foreclosure, and that the fraud claim lacked the requisite specificity. Finally, Chase contended that leave to amend would be futile because none of the noted errors were correctable.

Teng filed no opposition to the demurrer or to Chase's requests for judicial notice.

---

[2] Chase added that the recorded deed of trust constituted constructive notice.

5

## C. *The Court Sustains the Demurrer Without Leave to Amend*

In December 2023, the court sustained the demurrer on the grounds that the complaint was barred by the statute of limitations.[3]  Holding that "[a]ctions to set aside a foreclosure sale are governed by the substance or gravamen of the action," the court noted that the statute of limitations for fraud is three years.  The court further found that the judicially noticed documents demonstrated the foreclosure sale occurred in July 2019, more than three years before the filing of the complaint.  Finally, the court denied leave to amend, holding that because Teng did not oppose the demurrer, she "necessarily failed to show how the Complaint can be successfully amended."

In January 2024, the court entered judgment in Chase's favor and against Teng.  Teng timely appealed.

## DISCUSSION

The trial court found that Teng's wrongful foreclosure and fraud causes of action were barred by a three-year statute of limitations.  On appeal, Teng argues that "the substance of the wrongful foreclosure action was breach of contract," which has a four-year statute of limitations.  Specifically, she argues that Chase had a "contractual duty to provide notice of mortgage payments," which it failed to do.  We conclude that the court did not err in sustaining the demurrer or in denying leave to amend.

---

[3] The minute order sustaining the demurrer reflects no court reporter present at the hearing, and the appellate record contains no transcript from the hearing.

## A.  *The Court Did Not Err in Sustaining the Demurrer*

"The rules by which the sufficiency of a complaint is tested against a general demurrer are well settled.  ' " 'We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law.  [Citation.]  We also consider matters which may be judicially noticed.' [Citation.]  Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context.  [Citation.]  When a demurrer is sustained, we determine whether the complaint states facts sufficient to constitute a cause of action." ' " (*Centinela Freeman Emergency Medical Associates v. Health Net of California, Inc.* (2016) 1 Cal.5th 994, 1010.)  "Our examination of the complaint is de novo." (*Ibid.*)

To the extent Teng contends the trial court erred in sustaining the demurrer because it should have applied a four-year statute of limitations, we disagree.  The complaint contains no allegations of a breach of contract.  To the contrary, Teng expressly alleged that the Property was "wrongfully foreclosed" and that it was "fraud that Chase Bank charged [Teng] the amount of the unpaid debt."  Teng filed no opposition to the demurrer, and nothing in the record shows that she made any argument that she intended to plead a breach of contract cause of action, or that a four-year statute of limitations applied.  The trial court did not err in sustaining Chase's demurrer.

## B.  *Teng Has Not Demonstrated She Could Successfully Amend the Complaint*

When a demurrer is sustained without leave to amend, " 'we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has

7

abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff.' " (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.)

In her appellate briefing, Teng argues that the "contract was breach implied covenant of good faith [*sic*]" and that the "substance of the complaint was breach of contract/breach of the implied covenant of good faith and fair dealing because JP Morgan Chase Bank had a contractual duty to provide notice of mortgage payments and breached that duty." We interpret these statements as contentions that she can amend her complaint to allege causes of action for breach of contract or breach of the implied covenant in relation to some written contract in which Chase was obligated to send mortgage statements to Teng. At oral argument, Teng also asserted she could amend the complaint to state a claim for Chase's alleged breach of a 2016 settlement agreement into which the parties entered. We conclude Teng has not shown a viable amendment.

### 1. Breach of Purported Written Contract Regarding Mortgage Statements

"To state a cause of action for breach of contract, it is absolutely essential to plead the terms of the contract either in *haec verba* or according to legal effect." (*Twaite v. Allstate Ins. Co.* (1989) 216 Cal.App.3d 239, 252.) "In order to plead a contract by its legal effect, plaintiff must 'allege the substance of its relevant terms. This is more difficult, for it requires a careful analysis of the instrument, comprehensiveness in statement, and avoidance of legal conclusions.' " (*McKell v. Washington Mutual, Inc.* (2006) 142 Cal.App.4th 1457, 1489.)

Teng's sole allegation in her appellate briefing—that Chase "had a contractual duty to provide notice of mortgage payments and breached that duty"— satisfies neither standard.  Teng neither pleads the terms of the purported contract verbatim nor describes the substance of those terms.

Moreover, "[t]he elements of a cause of action for breach of contract are ' "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to plaintiff." ' " (*Tribeca Companies, LLC v. First American Title Ins. Co.* (2015) 239 Cal.App.4th 1088, 1109.) Teng has not alleged her performance—whatever that performance may be—or an excuse for nonperformance.  Nor has she explained how Chase's alleged breach caused her to suffer damages.

To the extent Teng asserts she can state a cause of action for breach of the covenant of good faith and fair dealing, we reject that argument for the same reasons—Teng has failed to plead the contract sufficiently, to plead her own performance or excuse for nonperformance, and to plead how Chase's alleged breach harmed her.  (See CACI No. 325 [Breach of Implied Covenant of Good Faith and Fair Dealing – Essential Factual Elements].)

### 2.    Breach of 2016 Settlement Agreement

At oral argument, Teng asserted for the first time that she could amend her complaint to state a cause of action for breach of a 2016 settlement agreement into which the parties had entered. Because there are no allegations in her complaint regarding this settlement agreement or its purported breach, Teng is proposing to add an entirely new cause of action.  If Teng wanted to amend her complaint to state an entirely new cause of action, it was incumbent upon her to ask the trial court for leave to do so.  (See,

9

e.g., *Harris v. Wachovia Mortgage, FSB* (2010) 185 Cal.App.4th 1018, 1023 ["plaintiff may not amend the complaint to add a new cause of action without having obtained permission to do so"].) She did not.

We find instructive *New Plumbing Contractors, Inc. v. Nationwide Mutual Ins. Co.* (1992) 7 Cal.App.4th 1088, where the appellant appealed "a judgment dismissing its complaint . . . following the trial court's order sustaining [the respondent]'s demurrer without leave to amend." (*Id.* at p. 1091.) There, like here, the appellant "for the first time at oral argument, suggested the possibility of new causes of action based on different facts." (*Id.* at p. 1098.) While acknowledging that "the showing as to how the complaint may be amended need not be made to the trial court and can be made for the first time to the reviewing court," the appellate court nevertheless found that the appellant's newly raised argument was "not adequate to justify our finding the trial court abused its discretion" in denying leave to amend, because "[n]ew issues cannot generally be raised for the first time in oral argument." (*Ibid.*)

Because Teng failed to meet her burden to show that she can successfully amend the complaint to state a cause of action, the trial court did not err in denying leave to amend.

10

## DISPOSITION

The judgment is affirmed.  Respondent is awarded its costs on appeal.

NOT TO BE PUBLISHED

                                                    M. KIM, J.

We concur:


        ROTHSCHILD, P. J.


        BENDIX, J.

11